UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MTGLQ INVESTORS, L.P. | ) | CASE NO.4:04CV742 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| THE CITY OF YOUNGSTOWN, | ) | **MEMORANDUM AND OPINION** |
| | ) | |
| Defendant | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff MTGLQ Investors, L.P. ("MTGLQ") Motion for Summary Judgment. On March 20, 2006, this Court granted summary judgment for Plaintiff and against Defendant, City of Youngstown ("Youngstown"), finding Defendant was bound to fulfill its obligations under the terms of the guaranties contained in Plaintiff's Amended Complaint. The Court required additional briefing on the amounts owed on the principal and interest and permitted the submission of further evidence. The parties filed additional briefs and evidentiary materials and the Court allowed oral arguments on the issue of the remaining balances and interest owed. After considering the evidence and arguments the Court grants, in part, and denies in part, the amounts requested by Plaintiff.

MTGLQ filed suit on April 20, 2004. MTGLQ's First Amended Complaint alleges

1

Defendant Big G and Bank One entered into three separate loan agreements: 1) April 13, 1995 (Note One) with a maturity date of October 30, 1995, for One Hundred Seventy Thousand Dollars ("$170,000"), (reaffirmed on May 5, 1995); 2) March 6, 1996, (Note Two) with a maturity date of September 20, 1996, for Two Hundred Sixty-Four Thousand Dollars ("$264,000); and 3) May 26, 1994, (Note Three) (reaffirmed on May 5, 1995), for One Hundred Fifty Thousand Dollars ("$150,000"), whereby Big G promised to pay on or before June 30, 1996. Notes One and Two were guaranteed by Defendant Youngstown (Guaranty One & Guaranty Two respectively). On June 20, 1996, Youngstown entered into a third guaranty (Guaranty Three) with Bank One on debts owed by Big G to Bank One in the amount of Four Hundred Eleven Thousand Dollars ("$411,000"). It is undisputed that Big G defaulted on the loans. In October of 2002, Bank One, by means of allonge and for consideration, assigned its rights to the Guaranties to MTGLQ.

MTGLQ contends Youngstown owes $252,615.07 in principal on Guaranty Two and $233,005.67 in interest accrued. On Guaranty One, Plaintiff alleges Defendant owes $198.34 in unpaid principal and $45,912.52 in interest. Plaintiff waives interest on Guaranty Three.

Youngstown contends the evidence, as offered by MTGLQ (an affidavit by Vice President of Capital Crossing Bank servicer of MTGLQ's loan portfolio) is insufficient to support the claims for unpaid balances owed on the Guaranties. Youngstown does not concede it owes any amounts on the loans in question, alleging any amounts due were on account and therefore, MTGLQ has the burden of demonstrating non payment. MTGLQ contends all debts were pursuant to contracts and were not actions on account. Plaintiff argues that in Ohio, payment is an affirmative defense and Defendant has the burden of producing evidence

demonstrating payment.

Plaintiff seeks the following amounts of principal and interest on the Guaranties:

Guaranty One $170,000 - MTGLQ contends a remaining principal balance of $198.34.

Guaranty Two $264,000- MTGLQ contends the full principal balance is unpaid.

Guaranty Three $411,000-MTGLQ contends the full balance is unpaid

After setting off the $422,384.93 from a credit line offered to Youngstown, the remaining balance on Guaranties Two and Three is $252,615.07. Adding the $198.34 owed on Guaranty One, the total remaining unpaid principal balance is $252,813.41. MTGLQ calculates interest on Guaranty Two at $233,005.67 and interest on Guaranty One at $45,912.52, totaling $278,918.19. MTGLQ waives any claims to interest on Guaranty Three as Guaranty Three was a guaranty on general indebtedness for numerous loans on which it would be impossible to calculate the interest owed.

Youngstown attacks the affidavit of MTGLQ's loan servicer, Denis Stratford, claiming his information is not based on personal knowledge as any payments on the loans at issue would have been made to Bank One, not MTGLQ. Therefore, Mr. Stratford cannot speak to the remaining amounts owed on the underlying loans, which were secured by the guaranties. Youngstown stated in oral argument that it had not made any payments on the guaranties.

Defendant has submitted an exhibit showing the amounts remaining on all underlying loans assigned to MTGLQ from Bank One. Plaintiff has moved to strike this exhibit as unauthenticated. The Court has granted Plaintiff's Motion to Strike as the document in question was provided to opposing counsel in the course of discovery, but has never been properly authenticated by witness testimony, affidavit or otherwise acceptable means under the Federal

3

Rules of Evidence.

However, it is undisputed that $198.34 is due and owing on Guaranty One. The undisputed testimony in this case also demonstrates Youngstown made no payments on Guaranty One. It is further undisputed that no records on the payment histories of the underlying loans exist.

## Analysis

The Court agrees with Plaintiff that the debts owed arose from contractual obligations, and therefore, payment is an affirmative defense and it is defendant's burden to show payment. See Ohio Rules of Civil Procedure 8(C) (listing payment as an affirmative defense). See also *Valley Homes Mutual Housing Corp. v. Wildon,* No. C-000574, unreported, 2001 WL 477062, *1 (Ohio App. May 2, 2001) ("Payment is an affirmative defense. The Ohio Supreme Court has held that when payment is alleged by a defendant, the burden rests on the defendant to prove it.") However, it is Plaintiff's burden to show damages. In a breach of contract action, " plaintiff must demonstrate the existence of a contract, performance by the plaintiff, breach by the defendant, and damages or loss to the plaintiff." *City of Cleveland v. Sohio Oil Co.,* No. 78860, unreported 2001 WL 1479233, * 4 (Ohio App. Nov. 21, 2001), citing *Doner v. Snapp* (1994), 98 Ohio App.3d 597, 601.

Defendant has offered no evidence to show additional payments made on the underlying loans to contradict the evidence provided by Plaintiff. However, the uncontroverted language of Guaranty One at Section 2.1 states, "The Guarantor hereby guaranties the payment of eighty percent (80%) of the unpaid balance of the Loan to the Bank..." As Plaintiff admits in Ex. H to its Motion for Summary Judgment (ECF # 56), the principal amount due on Guaranty One is

$198.34 which represents the unpaid balance. (See also Stratford Affidavit and Ex. A at ECF #15). By the express terms of the Guaranty, Defendant is obligated to pay eighty percent of the unpaid balance. No document demonstrates this unpaid balance represents only the eighty percent owed by Defendant. Rather, it is described as the unpaid principal. In light of the express contractual language, the Court finds Defendant owes $158.67, which amount represents the principal balance owed less twenty percent. Therefore, the Court finds Defendant owes $158.67 on Guaranty One.

Plaintiff next seeks $264,000 on Guaranty Two and $411,000 on Guaranty Three. However, both sides concede there was a set off on a line of credit worth $422,384.93, which Bank One applied to Guaranties Two and Three when Youngstown failed to pay the sums owed when Bank One made its demand for payment. Therefore, the remaining balance owed under all remaining Guaranties is $252,773.74 including the twenty percent reduction on Defendant's obligation under Guaranty One. This Court has previously determined Defendant is obligated under the Guaranties to pay the unpaid balances. Defendant has provided no evidence of payment on this remaining balance to controvert Plaintiff's affidavit and deposition testimony that the above unpaid balance remains due and owing. Therefore, the Court grants summary judgment for Plaintiff on the unpaid principal balance on Guaranties Two and Three in the amount of $252,773.74.

Plaintiff further seeks interest on the unpaid Guaranties, alleging Defendant owes accumulated interest on Guaranty One of $45,912.52, and accumulated interest on Guaranty Two of $233,005.67 totaling $278,918.19. Plaintiff disavows any interest owed on Guaranty Three.

Defendant contends no interest is owed on Guaranty Two because it is impossible to

determine which Guaranty was set off by Bank One on the letter of credit. Plaintiff contends, and Defendant does not dispute, that the testimony of Joseph Manley, a former Bank One employee shows the set off was applied to Guaranties Two and Three. Plaintiff contends the set off only applied to Guaranty Three, wiping out that debt. However, this Court finds Plaintiff cannot prove the set off was applied only to Guaranty Three. Specifically, the testimony of Plaintiff's witness, Joseph Manley states he cannot recall which guaranty was set off by the line of credit. (See Manley depo of April 22, 2005 at 8-9) Because it is Plaintiff's burden to prove damages, and Mr. Manley is the only witness who can speak to this issue, the Court finds Plaintiff cannot prove any interest owed on Guaranty Two. Therefore, the Court denies Plaintiff's motion for interest in the amount of $233,005.67 on Guaranty Two since the set off to the line of credit may have been applied to the entire guaranteed amount of Guaranty Two.

Finally, Defendant asks this Court to find no amount due and owing on Guaranty One. Plaintiff has offered the affidavit of Denis Stratford, loan servicer for MTGLQ, stating interest is owed on Guaranty One at a variable rate of prime plus 1.75%, or a per diem rate of $.05 equaling $45,912.52. Federal Rule of Civil Procedure 56(e) governs affidavits offered in support of motions for summary judgment. The Rule states affidavits must, "set forth such facts as would be admissible in evidence" and "show affirmatively that the affiant is competent to testify to the matters stated therein." "Conclusory opinions or statements are not admissible facts for the purposes of Rule 56(e)." *Hargabus v. Cedar Fair, L.P.*, No. 1:04CV1751, unreported 2005 WL 2233248, *6 (N.D. Ohio Sept. 14, 2005) citing *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002) ("It is well settled that conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact.") There is no indication how Mr.

6

Stratford arrived at the $45, 912.52 in interest. Without payment records Plaintiff cannot determine how the bank applied payments made on the underlying loan. In oral argument, Plaintiff's counsel stated, "... it's obvious that the payments– any payments that were received by Bank One were applied to the principal." However, immediately following this statement, the Court commented "[b]ut again, we don't have any record of when those payments came, how much they are, and how it was applied." In response, Plaintiff's counsel stated, "I'm not going to tell you I have that Your Honor, because I don't." Therefore, what is obvious to Plaintiff's counsel is not obvious to the Court. Plaintiff cannot say how the payments were applied as they fail to cite to any testimony by a representative of Bank One supporting Plaintiff's conclusion. Mr. Stratford cannot speak to this issue as he is not, and was not, a Bank One employee with knowledge of how the payments were applied. It is utterly impossible for $45,912.52 in interest to have accrued on the remaining principal balance since the assignment of the Guaranties to MTGLQ from Bank One in October 2002 Necessarily, the interest alleged by Plaintiff must predate the assignment of the Guaranties, and must necessarily be on an amount far exceeding the remaining principal balance owed under Guaranty One. Without evidence in the record of how the payments were applied, Plaintiff's witness' affidavit is not supported by credible evidence in the record. Plaintiff can prove no set of facts entitling it to the interest sought on Guaranty One and, therefore, the Court denies interest on Guaranty One.

The Court, having previously granted summary judgment for Plaintiff on the Guaranties in question, finds Plaintiff is owed $158.67 in principal on Guaranty One and $252,615.07 in principal on Guaranty Two. Therefore, the total balance owed by Defendant Youngstown to Plaintiff on the Guaranties is $252,773.74 and the Court grants, in part, summary judgment for

7

Plaintiff in this amount.

    IT IS SO ORDERED.

_4/20/07_
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge

FILED
APR 20 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

8